The last argument for today is No. 212967, United States v. Heredia-Sierra May it please the Court Your Honors, no one disputed that Omar Heredia-Sierra was a devoted father, son, and partner. But at his sentencing, the Court disparaged his family at length, suggesting that his decision to have five children in the United States was part of some sort of peculiar plot to get a lower sentence for illegal reentry. The Court also said that consecutive sentencing was necessary to achieve a goal of deterrence, while saying that the Court would bet money that the sentence would not achieve the goal of deterrence. The justifications for the sentence were insufficient, and the sentence was unreasonable. We were going to ask the same question. I'm just seeking clarification on whether or not you're arguing procedural unreasonableness or substantive unreasonableness. Procedural unreasonableness, Your Honor. And that's because the judge failed to state appropriate reasons for the sentence, because the main reason that the judge did state was one that the judge also stated was not supported by the sentence, that of deterrence. The judge relied on unproved facts, which is another ground for procedural unreasonableness, when the judge not only criticized Mr. Heredia-Sierra's family, but impugned bad motives to his decision to have children in the United States. Those facts not only were not proved in the record, they were contradicted by the record that showed that his family was indeed, he was part of a loving family. It was not a ploy. How do we weigh that in terms of these particular comments that he's making, to the extent that we feel that they're inappropriate? The Court also gave other reasons for its sentence as well, and you mentioned, although I think you're critiquing this reason as well, questions of deterrence, the fact that there were multiple reentries and other factors. Is there still enough here to support basically the sentence he ultimately gave? No, Your Honor, because the focus of the sentencing, as the judge described it, was disparaging Mr. Heredia-Sierra's family and deterrence. But while deterrence, of course, is normally a totally appropriate reason for a sentence, in this sentencing, the judge made clear that he did not think that deterrence would be achieved by the sentence. So to give out a reason as your main reason for the sentence, and then immediately undercut that reason at length, explaining emphatically that the judge just did not believe that deterrence would be achieved by the sentence that he was giving, completely undercuts that as a justification. Why isn't he simply giving a reason under 3553A and then expressing his doubts as to whether or not that reason will effectively deter the defendant? Put in that light, isn't that procedurally reasonable? Well, no, Your Honor. I do believe the court went much further than expressing some sort of vague doubt, but hoping that it would achieve that goal. The court emphatically says, I would put money on it not achieving deterrence, that he did not believe that it would achieve deterrence, and suggesting that it was kind of absurd to think that it would achieve deterrence. The court goes on on that topic at length. So this is not a situation where the court sort of expresses some small doubt, but then says, I still think this is the right outcome because I still think it will achieve the goal I'm expressing of deterrence. The court here did the opposite of that. And here we don't really have much other reason for the sentence. The bulk of the sentence are these disparaging comments. Didn't the judge also say that a concurrent sentence would effectively leave the second reentry unpunished? Yes, Your Honor. The court did have a discussion with defense counsel about whether or not Mr. Heredia Sierra would understand whether the concurrent or the consecutive sentencing was a punishment for both crimes or just the one. But looking at what the judge says with respect to his actual sentence, that does not seem to be the main thrust of the sentence. The sentence is, and the court is clear on this, for the deterrent effect that he doesn't believe it will achieve. Additionally, with respect to the third procedural unreasonableness, the extraneous comments about Mr. Heredia Sierra's family are problematic on their own. These are not off-the-cuff one, you know, it's not one remark. It is at length, the court criticizes the number of children that he has had, saying five children, that's a lot. The court criticizes the choice to have children with a woman who lives in the United States, calling it bad judgment. The court then describes Mr. Heredia Sierra's partner, the mother of his children, as if she's just some baby maker who is effectively procreating for biological reasons and dismisses their whole family structure. Those are the sort of comments that at least other circuits, the Seventh Circuit in particular, have reversed, saying these are extraneous things that should have nothing to do with the sentencing, that get interwoven into the sentence and raise their own separate problems. Isn't the thrust of what the judge was saying, though, that he was not persuaded by the family circumstances as a mitigating factor, as Mr. Heredia Sierra was arguing? No, Your Honor, I do not believe that that's a fair reading of what the court says. Mr. Heredia Sierra did present his family as a mitigating circumstance, and the court could have dismissed that, but I don't believe that's mitigating here. But the court went well beyond that to directly criticize, belittle, and disparage basically Mr. Heredia Sierra's life. And there was no evidence in the record to support that there was anything malicious or nefarious or anything wrong with Mr. Heredia Sierra's family. He had a loving family. He was a supportive father to the whole family. So for the court to go on at length belittling those choices and to suggest that they were part of a setup for a day many years later when he came into court to be sentenced for illegal reentry, that it was some sort of setup to get a lower sentence, was just not supported and fairly inflammatory. Those comments go well beyond any appropriate response to the mitigation defense counsel presented. What we have here, Your Honors, is a sentence that was not supported by appropriate reasons, and instead we have a whole set of comments that are very troubling, belittling Mr. Heredia Sierra's family, and one appropriate justification, deterrence, that's completely undercut by the judge's clear view that deterrence would not be achieved. This is the sort of situation when a new sentencing is warranted. Thank you. Thank you. May it please the court. My name is Stephen Kochever, and I'm an assistant United States attorney on the Southern District of New York. I represent the government in this appeal, and I represented the government below in the district court. I want to pick up on one point that came up, which is, I think, very important here, which is that the defendant did put his family's situation before the district court as a mitigating circumstance, and that moves us very far away from, for example, the Seventh Circuit cases that the defense has raised here. You know, in those cases, the comments were very extraneous, very irrelevant, not put on the table at all by the defense. What we have here is a situation where a defendant puts forward a mitigating circumstances at his sentence, and I think part of the district court's job, of course, is to consider things like that and address it on the record at the sentencing. Certainly, it was a sensitive issue, and there's going to be some, I think, stylistic variation in how district courts deal with that. But the key point here is that it was put on the table, and all the relevant facts were put on the table by the defense repeatedly. It was one of the first things that came up from the defense side of the sentencing. Does that really, though, I mean, does that, the fact that this topic was brought up by the defense, does that really weigh into whether or not the way that the court ultimately considered it was appropriate or not? I mean, I guess I take your point that it wasn't completely out of the blue that this discussion about his family became an issue, but I'm not sure how significant I find the fact that what was the defense that first brought in his family as a mitigating factor. Yes, I mean, I think the key points about the defendant bringing it up is two things. One is just to say, you know, maybe these Seventh Circuit cases do stand for this idea that there's an extreme there that is appropriate for an appellate court to step in on. And the second point is just that there's some discussion of extra facts, and the key point about the defendant bringing it in is that there are not extra facts that the district court brought in. Basically, there were facts that were put forward as a mitigating circumstance, and I think what the district court did is consider them, and he didn't add to those facts. He said, I'm going to reject this as a mitigating circumstance for these reasons. I think, to your Honor's point, it's a difficult job, I think, at a sentencing. It's a – sentencing often involves very sensitive and personal issues, and I think district courts have a lot of discretion in that area. I also think if you look at the transcript of the sentencing, I'm not sure it's fair to cast the district court's comments as completely inappropriate here. I think there was reasoning going on there. For instance, there's a discussion where the court is comparing the situation of the defendant to what sometimes happens in similar cases where, you know, perhaps a defendant has been in this country for many, many years, and they started their family while they were here, and he contrasts that with the situation here where, in fact, the family has begun where the defendant is not in the United States, and I certainly understand that as a sensitive issue, but I think it's unfortunately a sensitive issue that comes up in cases like this, and district courts have to chart what can be a difficult path through issues like that, and I think this court has long recognized that district courts have a fair amount of discretion in this area of sentencing. Again, that discretion is not unbounded. We have these Seventh Circuit cases where people start talking about Hitler's dog. That's not what happened here. Instead, I think the district court had to track a difficult path through what was a difficult issue, but one that was put on the table by the defense. I briefly want to... ...on the deterrence point where the court said immediately afterwards that he was doubtful that this was actually going to do the thing that he was saying that the purpose was for doing it. So, and I also respectfully would direct the court to the transcript, and I think, again, the district court is acknowledging the difficult circumstance here that he doesn't think, you know, deterrence is obviously a key consideration at sentencing. Many defendants also recidivate. I don't think the district judge here is going that much further than just acknowledging those two basic truths. Again, there's going to be some stylistic variation in how that actually comes out, but I think there is a case that cited U.S. v. Garcia where I actually don't... I think there are many cases where judges acknowledge that deterrence may not work, basically, and that is unfortunately a fact that they can acknowledge, and my point here is that I don't think Judge Bersetti went much further than that in this case. And if you look, I think he says in there, you know, I have to try, and the law certainly allows me to try. I don't think it's a problem, and it certainly doesn't undermine the sentence for him to unfortunately acknowledge that it may not work. Other judges have said that in other cases, and this court has not found any problem with that. So I also want to pick up a little bit on Judge Lee's first question, which is that I think that there are, you know, there are plenty of reasons to affirm here in that this was a reasonable sentence. The District Judge clearly considered the appropriate factors under 3553A. That statute specifically talks about considering the history and circumstances of the defendant, and it put forward a fairly reasoned and thoughtful discussion of things like deterrence. You know, that was explored at length at the sentence, and that's what the district court's job was here. It did that job, and so there's ample reason to affirm the sentence within the record. Unless the panel has further questions, I'll take a seat. Thank you, Counsel. Starting with respect to deterrence, Your Honors, the government cited Garcia, which we addressed in the briefs as well. Garcia is a case where the court said it did not believe deterrence would work, so it was assigning a term of supervised release even though the person would be deported. That case is completely an opposite than our case. That case discusses an appropriate way for a judge to discuss deterrence and connect it with his view that deterrence will not work and with an appropriate sentence. Because that court believed deterrence wouldn't work, it imposed supervised release. So if indeed the court was correct, there would be a punishment relating to deterrence. That is not what we have here. What we have here is a court saying it did not believe a jail sentence, a prison sentence, would achieve deterrence, and then nonetheless imposing that sentence for the purpose of deterrence. That's one procedural error. The next one is with respect to the extraneous discussion belittling Mr. Heredia Sierra's family. The government calls that a difficult path through a difficult issue that is sensitive. I'm confused by that. A person's family is a common thing that is brought up at sentencing. It is commonly brought up by defense counsel, by the defendant. It is commonly addressed by the court. What is uncommon is a court that disparages that person's family, criticizing them at length and not only criticizing them but connecting the choice to have a family, to have these children that he has been raising with his loving partner as a setup to get a lower re-sentence many years later on a legal re-entry. That is exceedingly unusual, which is likely why there is no Second Circuit case on point relating to that. It's unusual, but it also does fit into the standards of procedural unreasonableness, which indicate that it is unreasonable to rely on facts that are not proven by the record, and it is unreasonable to give a sentence without having reasons that justify it. For each of those reasons, this sentence should be reversed. Thank you, counsel. Thank you. We'll take the case under advisement. And the last case on the calendar for today is on submission. So that concludes our business for today. I'm going to ask the Courtroom Deputy to adjourn. Court is adjourned.